UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BRIAN McCLANE,

                            Petitioner,

-against-

SUPERINTENDENT of the
CORRECTIONAL FACILITY and
THE COMMISSIONER OF CORRECTIONS,

                            Respondents.
------------------------------------------------------------x

05 CV 5833 (SJF)

**OPINION & ORDER**

FEUERSTEIN, J:

       Petitioner Brian McClane ("Petitioner" or "McClane") brings this petition for relief from a judgment of conviction entered in Suffolk County, pursuant to 28 U.S.C. § 2254. For the reasons stated below, the petition for habeas corpus is denied and dismissed.

I.     Factual Background

       On July 29, 2002, Petitioner pled guilty to a Course of Sexual Conduct in the First Degree, Use of a Child in a Sexual Performance, Possessing a Sexual Performance of a Child, Promoting a Sexual Performance of a Child and Endangering the Welfare of a Child. (Petition dated Dec. 8, 2005 ["Pet."], ¶ 5). These crimes were charged as part of two (2) multiple-count indictments arising from Petitioner's conduct with his young daughter. (Respondent's Answer, dated Mar. 1, 2006 ["Resp.'s Answer"], ¶¶ 6, 9).

       The crimes came to light during a criminal investigation into child sexual abuse, when members of the Suffolk County Police Department searched Petitioner's home on September 20, 2001, pursuant to a written consent signed by Petitioner's wife, Alyssa McClane. (Resp.'s Answer ¶ 4). Petitioner, his wife and his daughter resided in an apartment attached to a home owned by Petitioner's parents. (Resp.'s Ans. ¶ 3). Petitioner used a computer located in his

parents' home, on which he stored images of his daughter in what Petitioner refers to as "compromising positions." (Petitioner's Memorandum of Law, dated Mar. 23, 2006 ["Pet.'s Mem."] at 4). Petitioner also used the computer to send the pictures to another adult male's computer via the internet. (Id.).

Pursuant to the written consent by Petitioner's wife, the police seized the computer and related items. (Resp.'s Ans. ¶ 4). Also on September 20, 2002, Petitioner gave three written statements to police admitting to viewing, possessing and trading child pornography. (Id.). These admissions became part of an application to obtain a search warrant, dated September 25, 2001, to search the contents of the computer. (Id.). On September 26, 2001, the police searched the computer and found sexually explicit photographs of children engaged in sexual acts, including images of Petitioner with his daughter. (Id. ¶ 5). Thereafter, Petitioner was arrested and charged. (Id. ¶¶ 5, 6).

Petitioner's subsequent motions to suppress his written statements and the evidence seized by police were denied by the County Court of Suffolk County on January 29, 2002 and March 11, 2002. (Id. ¶¶ 7, 8).

On May 31, 2002, with the assistance of counsel, Petitioner agreed to plead guilty to five (5) of the seventy (70) counts in the consolidated indictments. (Id. ¶ 9). In exchange, Petitioner agreed to be sentenced to a determinate sentence of eighteen (18) years imprisonment and waived his right to appeal. (Id.). Petitioner was sentenced on July 29, 2002 to an eighteen (18) year term of imprisonment and additional sentences to run concurrent. (Id. ¶ 13).

Notwithstanding the waiver, Petitioner appealed his conviction, on the grounds of unlawful search and seizure and excessive sentence. (Id. ¶ 14; Pet.'s Mem. at 4). The New York State Supreme Court, Appellate Division, Second Department ("Appellate Division"), affirmed

the conviction on May 10, 2004. People v. McClane, 7 A.D.3d 641, 775 N.Y.S.2d 882 (2d Dep't 2004). Thereafter, Petitioner sought leave to appeal to the New York Court of Appeals, which denied leave to appeal on September 15, 2004. People v. McClane, 3 N.Y. 3d 709, 818 N.E.2d 679 (2004).

Petitioner filed the instant petition on December 14, 2005, alleging that his Fourth Amendment rights were violated and that his sentence was harsh and excessive.

II.     Discussion

    A.     AEDPA

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs applications of incarcerated state court defendants seeking federal habeas corpus relief, and establishes a series of procedural hurdles.

        i.     Timeliness

The first line of inquiry is whether the petition is timely under AEDPA's one-year statute of limitations. The limitations period for petitions filed pursuant to 28 U.S.C. § 2254 "shall run from the latest of . . . the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). A conviction becomes "final" under AEDPA when the highest state court concludes its direct review or when the time to seek direct review in the United States Supreme Court by writ of certiorari expires (which is ninety (90) days after entry of the judgment of conviction or of the order denying discretionary review). See Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001). In this case, the New York Court of Appeals denied leave to appeal on September 15, 2004; thus, the conviction became "final" ninety (90) days later, on December 14, 2004. Petitioner filed his petition exactly one year later, on December 14, 2005, the day the statutory period would have expired. The

petition therefore satisfies the requirements of 28 U.S.C. § 2244(d)(1).

    ii.    Exhaustion

AEDPA requires that prior to bringing a petition for habeas corpus relief in federal court, a petitioner "must exhaust the remedies available in state court or demonstrate that 'there is an absence of available State corrective process [or] [that] circumstances exist that render such process ineffective to protect the rights of the [petitioner].'" Fama v. Commissioner of Corr. Servs, 235 F.3d 804, 808 (2d Cir. 2000) (quoting 28 U.S.C. 2254(b)(1)). The exhaustion requirement mandates that the petitioner "fairly present" both the factual and legal premises of his federal claim to the highest state court. Baldwin v. Reese, 541 U.S. 27, 29 (2004); see also Jones v. Keane, 329 F.3d 290, 294-295 (2d Cir. 2003). Petitioner previously presented his two claims to the highest state court when he pursued them on direct appeal and leave to appeal was denied. Accordingly, those claims are exhausted and subject to habeas review.

    B.    Procedural Bar

In addressing a habeas petition, a federal court must not "review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729 (1991). See also Lee v. Kemna, 534 U.S. 362, 375 (2002). The only exceptions to the independent and adequate state ground bar arise if the petitioner can make a showing of cause for the default and resulting prejudice, see Wainwright v. Sykes, 433 U.S. 72, 87 (1977), or can "demonstrat[e] a constitutional violation that resulted in a fundamental miscarriage of justice, i.e., that he is actually innocent of the crime for which he has been

convicted." Dunham v. Travis, 313 F.3d 724, 730 (2d Cir. 2002).

The Appellate Division explicitly stated that, "The defendant's waiver of his right to appeal forecloses appellate review of his challenge to the denial of his motion to suppress physical evidence . . . [and] his claim that his sentence was excessive." People v. McClane, 7 A.D.3d at 642. Nothing indicates that Petitioner's guilty plea and waiver of appeal were involuntary. Moreover, he has not proffered any new evidence that he is actually innocent. Therefore, Petitioner's two (2) claims are procedurally barred upon independent and adequate state grounds.

III.     Conclusion

McClane's petition for a writ of habeas corpus is denied and the proceeding is dismissed in its entirety. Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(a)(2) a certificate of appealability is denied, as Petitioner has not made a substantial showing of a denial of a constitutional right. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Petitioner has a right to seek a certificate of appealability from the Court of Appeals for the Second Circuit. See 28 U.S.C. § 2253.

IT IS SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: Brooklyn, New York
       January 24, 2007

5

Copies To:

Edward M. Gould, Esq.
374 Islip Avenue
Suite 104
Islip, NY 11751

Michael Herman Blakey
Thomas Spota
Criminal Court Building
200 Center Drive
Riverhead, NY 11901